UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS WADE CALLEN,<br><br>Defendant. | Case No. 2:20-CR-00054-DCN<br><br>**REPORT AND RECOMMENDATION** |

On September 10, 2021, Defendant Thomas Wade Callen appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

**REPORT AND RECOMMENDATION - 1**

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's arraignment on March 5, 2020, the Government moved for detention. (Dkt. 5.) At Defendant's arraignment, an order of temporary detention was entered and a detention hearing was set. (Dkt. 7, 13.) A detention hearing was held on March 11, 2020, before Magistrate Judge Ronald E. Bush. The Court granted the Government's motion for detention and entered an order of detention. (Dkt. 14, 15.)

The Court later granted Defendant two temporary furloughs for medical appointments in March of 2020. (Dkt. 21.) On March 26, 2020, the Court granted Defendant's unopposed motion for release due to Defendant's health conditions and high risk of serious illness or death were he to contract COVID-19. (Dkt. 26, 27, 28.) The Court entered an order setting several conditions of release, including home detention. (Dkt. 28.) Defendant has remained on release since that time, under the supervision of Pretrial Services.

Pretrial Services reports that while on release, Defendant failed to report for three drug tests, most recently on August 3, 2021, and tested positive for amphetamines on April 2, 2021. (Dkt. 90.) However, Pretrial Services reports Defendant completed

substance use disorder treatment in August of 2021, and recommends that Defendant's conditions of pretrial supervision remain unchanged.

At the time of the plea hearing, the Government stated that it did not oppose Defendant's continued release pending imposition of sentencing. The Government further indicated that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

As proffered by Defendant's counsel at the hearing, Defendant has a medical condition placing him at a high risk of serious illness or death if he were to contract COVID-19. Defendant participated in and has successfully completed substance abuse treatment while on pretrial release, and continues to participate in treatment. Defendant has been generally compliant with the terms of his release, including home detention.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and Defendant's continued participation in substance abuse treatment, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Thomas Wade Callen's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant Thomas Wade Callen's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts Two and Three of the Indictment (Dkt. 1) as to Defendant

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 28).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 10, 2021

Candy W. Dale
Chief United States Magistrate Judge

**REPORT AND RECOMMENDATION - 4**